In the Matter of the Claim of Dominick Minnitti, Respondent, against Fleet Messenger Service et al., Appellants. Workmen's Compensaton Board, Respondent.— Appeal by employer and insurance carrier from a decision of the Workmen's Compensation Board which held that the claimant was entitled to deficiency compensation after the exhaustion of a third-party recovery. The claimant was injured while in the course of his employment by the negligence of a third party. A third-party action was brought by the claimant; the defendant offered to settle for $2,500. The appellants refused to consent to a settlement in that amount and it does not appear that their consent was ever again requested. Subsequently, a judgment was entered in the third-party action in the amount of $3,250. It appears that a jury was waived and that the proof in

the action consisted merely of the claimant's testimony as to the occurrence of the accident and the introduction of hospital records. The defendant offered no evidence; there was a conference between the Judge and the attorneys following which the Judge announced judgment in favor of the claimant in the amount of $3,250. The appellant contended before the referee that, while the third-party recovery took the form of a judgment, it really represented a compromise or settlement, entered into without the approval of the carrier, and that therefore any claim for deficiency was barred under subdivision 5 of section 29 of the Workmen's Compensation Law. The referee fixed an adjourned date for a hearing for the purpose of receiving the testimony of the attorneys in the third-party action, bearing upon that question, but, when one of the attorneys failed to respond to a subpoena and it was reported that it had not been possible to effect service upon the other attorney, the referee changed his position and ruled that he did not have the right to go behind the judgment and that the testimony of the attorneys would be of no materiality. He accordingly decided that the claimant was entitled to compensation without regard to the circumstances under which the judgment had been obtained. The referee's ruling was erroneous. The board must determine as a question of fact whether the judgment represented an independent evaluation of the plaintiff's claim by the court or whether it was the product of an agreement of compromise or settlement. The appellants should be given an opportunity to introduce any relevant evidence bearing upon that question. Decision reversed, with costs to the appellants against the Workmen's Compensation Board, and the matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.